**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHOENIX NPL, LLC,<br><br>                Plaintiff,<br><br>      v.<br><br>1130 NB REALTY, LLC,<br><br>                Defendant. | Civil Action No. 14-6993 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff Phoenix NPL, LLC's ("Plaintiff" or "Phoenix") Motion to Appoint a Receiver of Rents. (ECF No. 10.) This motion is unopposed. The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Plaintiff's motion.

**I.**    **Background**

      In December of 2013, Defendant 1130 NB Realty LLC ("Defendant" or "NB Realty") defaulted on a $1,600,000 promissory note issued by the National Republic Bank of Chicago ("Bank"). (Compl. ¶ 8, ECF No. 1-4.) Thereafter, on April 30, 2014, the Bank accelerated the promissory note and made demand for payment in full and increased the interest rate to the default rate of interest. (Decl. of Adam Gevarter ("Gevarter Decl."), Ex. F, ECF No. 10-9.) Defendant did not make any payments. (Gevarter Decl. ¶ 11, ECF No. 10-3.) Accordingly, on May 16, 2014, the Bank commenced the instant foreclosure action against Defendant in the Superior Court of New Jersey for Middlesex County. (*See generally* Compl.) Defendant did not file an answer in

state court. Accordingly, on July 7, 2014, Plaintiff requested an entry of default against Defendant for failure to plead or otherwise defend. (Req. to Enter Default, ECF 1-4.) While the motion was pending, the Office of Comptroller appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for the Bank. Thereafter, the FDIC removed the matter to this Court pursuant to 12 U.S.C. § 1819(b)(2), and on or about February 20, 2015, the FDIC assigned the promissory note and related loan documents to Phoenix.[1] Phoenix now moves this Court to appoint a receiver of rents. (ECF No. 10.)

## II. Analysis

"A district court, in its discretion, may appoint a receiver to collect rents and profits and manage the property during the pendency of a foreclosure proceeding." *United States v. Berk & Berk*, 767 F. Supp. 593, 597 (D.N.J. 1991). "No hearing is necessary where the facts support the appointment of a receiver." *Id.* To determine whether to grant a motion to appoint a receiver, the court may consider several factors including whether "the property is inadequate security for the loan; [whether] the mortgage contract contains a clause granting the mortgagee the right to a receiver; [and the] continued default of the mortgagor . . . ." *Id.* As discussed below, the Court finds that all of these factors weigh in favor of granting Plaintiff's Motion to Appoint a Receiver of Rents.

---

[1] Notwithstanding this assignment, the Court maintains subject matter jurisdiction over this action. *See New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 10 F.3d 1492, 1511 (3d Cir. 1996) (finding that the court had supplemental jurisdiction over the case after the Resolution Trust Corporation ("RTC") was dismissed from the action where federal question jurisdiction was based on the RTC being a party to the action); *see also Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012) ("Although we once declined to apply the time of filing rule in a federal question case, [citing *New Rock Asset Partners, L.P.*], subsequent Supreme Court decisions demonstrate the continuing vitality of the rule.").

First, with respect to the value of the property, Plaintiff argues that the security represented by the property is "uncertain" and "precarious" because NB Realty does not have a sufficient cash flow to maintain it, and NB Realty has not covered basic obligations such as property taxes and municipal charges. (Pl.'s Moving Br. 4-5, ECF 10-1.) Plaintiff notes that in *Barclays Bank P.L.C. v. Davidson Avenue Associates Ltd.*, 274 N.J. Super. 519, 520 (App. Div. 1994), the court upheld the appointment of a receiver due to the mortgagor's failure to pay real estate taxes in the amount of $145,000 and insurance premiums in the amount of $3,200. (Pl.'s Moving Br. 5.) Here, Defendant has failed to pay property taxes and municipal water charges for the mortgaged property in the amount of $43,463.93. (Gevarter Decl. ¶ 18.) Payment of these obligations is necessary to maintain the value of the property. Thus, the Court finds that NB Realty's failure to pay these obligations weighs in favor of appointing a receiver.

Second, the loan documents executed by NB Realty grant the mortgagee the right to have a receiver appointed. In particular, under the Leasehold Mortgage, NB Realty "absolutely and unconditionally" assigned its right to, inter alia, current and future "Leases" and "Rents" to the borrower. (Gevarter Decl., Ex. B § 1.2, ECF No. 1-5.) In addition, the Leasehold Mortgage provides that one of the mortgagee's "Remedies" for NB Realty's default on the mortgage is to "apply for the appointment of a receiver . . . ." (*id.* § 6.1(g).) These provisions in the Leasehold Mortgage weigh in favor of appointing a receiver.

Finally, Plaintiff asserts that "there is no equity on the property" (Pl.'s Moving Br. 1) and "nothing has been paid toward the loan" since default in 2013 (*Id.* at 5). Thus, the Court finds that the continued default of the mortgagor also weighs in favor of appointing a receiver.

### III. Conclusion

Accordingly, for the above reasons, Phoenix's Motion for Appointment of a Receiver of Rents is granted. An order reflecting this decision will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: December 16, 2015